LÓPEZ ET AL., APPELLANTS, *v.* REGISTRAR OF CAGUAS, RESPONDENT.

APPEAL from a Decision of the Registrar of Property Recording a Possessory Proceeding with a Curable Defect.

No. 296.—Decided December 22, 1916.

POSSESSORY PROCEEDING—ENTRY OF OWNERSHIP—CONFLICT—RECORD OF TITLE.— When after a possessory proceeding is denied admission to record and a caveat is entered on the ground that an entry of ownership appears in the registry which is considered in conflict with the possession whose record is sought, the registrar returns the possessory proceeding to the court which approved it, together with a certificate of the aforesaid entry, for further proceedings in accordance with article 393 of the Mortgage Law and by virtue of such further proceedings the previous decision is affirmed and the record of the possessory proceeding is ordered, such subsequent proceedings should be passed on by the registrar independently of his first refusal to admit the possessory proceeding to record.

ID.—ID.—PERSONAL NOTICE—NOTICE BY MAIL.—Article 393, in connection with paragraph fifth of article 391, of the Mortgage Law requires, whenever it is possible, personal notice to the persons who by virtue of the entry of ownership which is in conflict with the possession proved in the possessory proceeding may have some right to the property, and notice by mail is not personal notice.

ID.—ORDINARY ACTION—NOTICE.—Section 322 of the Code of Civil Procedure is strictly limited to ordinary suits between parties and does not refer to proceedings under the Mortgage Law.

The facts are stated in the opinion.

*Mr. Andrés Mena* for the appellants.

The respondent appeared *pro se.*

MR. JUSTICE WOLF delivered the opinion of the court.

Possessory proceedings having been brought before the Municipal Court of Caguas by Celestino, Sebastián, Ramón and Aurea López Becerra, to establish their title upon certain rural property, the said court approved the same by order of July 8, 1916, the registrar having refused to record the same in the registry, inasmuch as an entry of ownership with respect to the said property appeared which he considered was in conflict with the possession whose record was sought.

The registrar, complying with the requirements of section 393 of the Mortgage Law, sent to the Municipal Court of Caguas the possessory proceedings in question, together with a certificate of the aforesaid entry, in order that, pursuant to said section, after citation and hearing of the persons who by virtue of said entry might have some right to the said property, the order approving the proceeding might be affirmed or reversed. The parties interested were notified by mail, and the period of twenty days was fixed to hear them on the proceedings, and having not appeared within the said period, the municipal court, by order of October 2, 1916, affirmed in all its parts the previous order of July 8, ordering the record of the possessory proceedings.

The registrar, thereupon, recorded the instrument with the curable defect that in the last notices made to the former owners of the property the requirements of section 391 of the Mortgage Law had not been complied with, that being the ruling appealed from to this Supreme Court.

In this appeal two questions are presented. The first is whether in the prosecution of a possessory title a written

communication by mail is a sufficient notice to the former owners of the property in question, as required by section 393 of the Mortgage Law, the appellants maintaining that by virtue of section 322 of the Code of Civil Procedure and a long-established practice, such a notice is adequate and the registrar holding otherwise, relying on the provisions of section 391 of the Mortgage Law which primarily requires a personal notice when possible. The second question is that the registrar previously refused record to the same possessory title on a different ground and never drew attention to the curable defect that was subsequently noted. If the appellant is right about the second matter it would be an *obiter dictum* to discuss the first, so we shall consider the questions in inverse order.

It appears from the municipal judge's order that when the possessory title was first presented in the registry the registrar refused to record the same and entered a caveat on the only ground that there was found a contradictory statement, the appellants insisting in that no opposition having been made at the time to the notices made by mail to the former owners, the said registrar is now estopped from entering the curable defect noted. Such contention is of no importance in this case, as the record shows that after the caveat was entered by the registrar, the proceedings were sent back to the municipal judge for further proceedings, and that by virtue of said proceedings final judgment was rendered on September 6, 1916.

It is to the proceedings subsequent to the original refusal of the registrar to record the title that the ruling appealed from has reference, and we think that the registrar was within his rights in noting the defect in the manner he did.

The least the registrar could do was to regard as curable the defect noted, because, if the notice by mail was insufficient, there was no notice at all and hence the requirements of sections 393 of the Mortgage Law were not complied with.

The pertinent part of said article is as follows:

"If they should find a record of acquisition of ownership or possession uncanceled, which is in contradiction with the fact of the possession as established by the judicial proceedings, they shall suspend the record, enter a cautionary notice, if the person interested should request it, and forward a copy of the record to the judge who may have approved the proceedings.

"In view thereof, after citation and hearing of the persons who, according to said entry, may have an interest in the real property, the judge shall affirm or revoke the order of approval, informing the registrar in either event of the decision rendered, in order that he may accordingly make the record or cancel the cautionary notice.

"If the persons to be cited should be absent, the formalities required for citation by rule 5 of article 391 shall first be observed."

Rule 5 of section 391 points out the formalities to be followed in possessory proceedings with respect to the notification of the owners of the adjacent lands, or co-owners of the property or rights in a property when absent and their residence is known, or when their residence is unknown.

Section 393 above quoted, in connection with rule 5 of section 391, requires a personal notice whenever it is possible, and the said section has never been repealed. *Meléndez v. The Registrar,* 17 P. R. R. 575.

Section 322 of the Code of Civil Procedure, relied upon by the appellant, reads as follows:

"In case of service by mail, the notice or other paper must be deposited in the post office, addressed to the person on whom it is to be served, at his office or place of residence, and the postage paid. The service is complete at the time of the deposit, but if within a given number of days after such service, a right may be exercised, or an act is to be done by the adverse party, the time within (which) such right may be exercised or act be done, is extended one day for every twenty-five miles distance between the place of deposit and the place of address; such extension, however, not to exceed thirty days in all."

We agree with the registrar that the said section is strictly limited to the ordinary suits between parties and not to a

proceeding under the Mortgage Law. It is a familiar principle of construction that the provisions of the Mortgage Law can only be repealed by a special law designated for that purpose. Section 413 of the Mortgage Law. And we further agree with the registrar that sections 320 and 322 contemplate service on parties who are already before the court. We have decided that an affidavit is not the equivalent of proof under the Mortgage Law in possessory proceedings. *Meléndez* v. *The Registrar, supra.*

Similarly, the notice by mail is not the equivalent of the proceedings required by section 391.

The note must be

*Affirmed.*

Chief Justice Hernández and Justices del Toro and Aldrey concurred.

Mr. Justice Hutchison concurred in the judgment.